### BOWLES v. WOLFE.
#### Civ. A. No. 3993.

District Court, W. D. Pennsylvania.
April 23, 1945.

John A. Metz, Jr. and Robert Bruce Greer, both of Pittsburgh, Pa., for plaintiff.

A. Grant Walker and Gunnison, Fish, Gifford & Chapin, all of Erie, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action under the Emergency Price Control Act of 1942, as amended, and as further amended by the Stabilization Act of 1944, 50 U.S.C.A.Appendix §§ 901 et seq., 963 et seq., and involving Revised Maximum Price Regulation No. 165 (9 Fed. Reg. 7439), which provides in Section 14 thereof that a person in a service business, including repair of automobiles, shall prepare a statement of maximum prices and file a duplicate thereof with the appropriate War Price and Rationing Board. In the instant case is such Board located at Erie, Pennsylvania.

The complaint alleges that defendant has been selling services in regard to automobile services, but has neglected to prepare such statement and file a duplicate thereof with the appropriate Board; i. e., the Board at Erie, Pennsylvania. The complaint asks a mandatory injunction requiring defendant to file such statement with the Board at Erie, and restraining him from violating Maximum Price Regulation No. 165.

Defendant denies he has failed to prepare such statement, and avers to the best of his knowledge and belief that he did file it with the Board at Erie, but is unable to prove that he did so.

Plaintiff has moved for judgment on the pleadings under Rule 12(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Under these circumstances, we are of the opinion that the plaintiff is entitled to judgment with a mandatory injunction requiring defendant to file such statement with the Board at Erie, Pennsylvania, within five days from the entry of the decree herein. The denial of defendant to the best of his knowledge and belief is not sufficient. If he prepared such statement, as alleged in his answer, it will be no trouble for him to prepare and file a duplicate with the Board. If he did file such duplicate with the Board, he certainly can state positively when he filed it. That he has failed to do.

The plaintiff is entitled to judgment on the pleadings under Rule 12(c) of the Rules of Civil Procedure. An order may be submitted accordingly on notice to counsel for defendant.